### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

SHARON TAWSE,                          )
                                       )
          Plaintiff,                   )
                                       )
          v.                           )
                                       )          No. 04 C 5514
DHL AIRWAYS and THE PRUDENTIAL         )
LIFE INSURANCE COMPANY OF AMERICA,     )
                                       )
          Defendants.                  )

### MEMORANDUM OPINION AND ORDER

Plaintiff Sharon Tawse has brought this action against DHL Airways, her former employer, and Prudential Life Insurance Company seeking to recover long-term disability benefits allegedly owed to her under an employee benefits plan covered by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). The plan was underwritten by Prudential and administered by DHL. The amended complaint alleges an ERISA claim for wrongful denial of benefits against both defendants (Count I), an ERISA claim for wrongful failure to provide plan documents against DHL (Count II), a claim under Section 155 of the Illinois Insurance Code, 215 ILCS 5/155, for "vexatious and unreasonable" denial of benefits against Prudential (Count III), and an Illinois common law "bad faith" claim against both defendants (Count IV).

Prudential has filed a motion to dismiss the state law

counts under Fed. R. Civ. P. 12(b)(6) on the ground that the claims
are preempted under ERISA.  The motion is not contested.  Section
514(a) of ERISA preempts "any and all State laws insofar as they
may now or hereafter relate to any employee benefit plan."  29
U.S.C. § 1144(a); see also Egelhoff v. Egelhoff ex. rel. Breiner,
532 U.S. 141, 146 (2001) ("this broadly worded provision is clearly
expansive"); Pilot Life Ins Co. v. Dedeaux, 481 U.S. 41 (1987)
(preemption provision is "deliberately expansive").  A state law
will "relate to" an employee benefit plan if that law "has a
connection with or reference to such a plan," District of Columbia
v. Greater Washington Bd. of Trade, 506 U.S. 125, 129 (1992), or if
the court's "inquiry must be directed to the plan." Ingersoll-Rand,
Co. v. McClendon, 498 U.S. 133, 139 (1990).

We have no trouble concluding that the state claims pled
here are preempted.  Count III alleges that Prudential acted
"vexatious[ly] and unreasonabl[y]" in violation of Section 155 when
it denied Tawse's claim for benefits under the plan.  And Count IV
states that defendants, in rejecting her claim, breached their duty
to "deal fairly and in good faith."  Because neither of these
claims can be decided without "reference to" the plan, they are
clearly superseded by ERISA.  See Klassy v. Physicians Plus Ins.
Co., 371 F.3d 952, 957 (7th Cir. 2004) ("ERISA provides a remedy
for plan participants wrongly denied benefits.  However, such
claims must be brought under ERISA and creatively pleading a denial

of benefits claim as a state law claim does not defeat the broad preemptive force of ERISA."); see also Tomczyk v. Blue Cross & Blue Shield of Wisconsin, 951 F.2d 771, 777 (7th Cir. 1991) (state claim for bad faith preempted); Dwyer v. UNUM Life Ins. Co., 2003 WL 22844234, at *5 (N.D. Ill. Dec. 1, 2003) (claim under § 155 of the Illinois Insurance Code preempted).

Prudential's motion to dismiss Counts III and IV [23-1] is granted. Count IV is also dismissed, *sua sponte,* as to defendant DHL. The discovery stay entered on February 16, 2005 is hereby lifted. Discovery is to proceed forthwith on Counts I and II and a status hearing is set for July 13, 2005 at 10:30.

DATE: June 8, 2005

ENTER: _____

John F. Grady, United States District Judge