# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

```
SHARON TAWSE,                         )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )
                                      )    No. 04 C 5514
DHL AIRWAYS and THE PRUDENTIAL        )
LIFE INSURANCE COMPANY OF AMERICA,    )
                                      )
          Defendants.                 )
```

## **MEMORANDUM OPINION**

Plaintiff and the defendant Prudential Insurance Company of America have been attempting to settle plaintiff's claim against Prudential but have encountered a stumbling block in their disagreement over whether plaintiff, if she prevailed in the trial of the case, would be entitled to recover her attorney's fees incurred in the administrative procedures that took place prior to the filing of the complaint. They have asked the court to rule on the question as an aid to their settlement negotiations and have filed memoranda and copies of cases upon which they rely.

It appears that all of the cases that have addressed the issue have held that the ERISA statute does not authorize an award of attorney's fees incurred in connection with administrative proceedings taking place prior to the preparation and filing of the complaint. The parties are in agreement that this is what the cases have held. Plaintiff argues that there should be an

exception made in this case because Prudential has conducted the administrative proceedings in bad faith, causing them to be unduly prolonged and resulting in attorney's fees that should not have been necessary. Plaintiff likens her situation to that found in Peterson v. Continental Casualty Co., 282 F.3d 112 (2[d] Cir. 2002), where the plaintiff was allowed fees for administrative proceedings ordered by the district court during the pendency of the lawsuit but denied fees for the administrative proceedings that preceded the filing of suit. Plaintiff regards Peterson as authority for the proposition that, in appropriate circumstances, fees for administrative work can be allowed.

The reasoning of the Court in Peterson, however, actually supports Prudential's position. The Court began by referring to the general "American rule" that each party pays its own fees, but noted that fees can be shifted when specifically authorized by statute. Id. at 119. The plaintiff in Peterson, like the plaintiff here, relied on the fee-shifting provision of ERISA. The Court framed the issue in the case, and stated its conclusion, as follows:

> The question presented by this appeal is whether this provision [of ERISA] limits a district court to award costs incurred only in formal judicial actions under the jurisdiction of a district court, or whether the provision more broadly covers costs incurred during administrative proceedings related to the judicial action. We conclude that § 1132(g)(1) authorizes a district court to award fees incurred only after a district

>court has assumed jurisdiction over a case.
>Thus, fees incurred in administrative
>proceedings prior to filing suit in the
>district court are unavailable, but fees
>incurred during an administrative remand
>ordered by the district court and over which
>the court retains jurisdiction are authorized
>by the statute.

Id.

This distinction made by the court between fees incurred for administrative proceedings prior to filing suit and those incurred in administrative proceedings directed by the court after suit is filed makes clear that we lack authority to allow the fees plaintiff seeks in this case.[1]

The parties should be advised, therefore, that plaintiff will not be able to recover her fees incurred in pre-filing administrative proceedings.

DATE:   December 15, 2005

_____
John F. Grady, United States District Judge

---

[1] Plaintiff's theory is analogous to a claim for fees pursuant to 28 U.S.C. § 1927. However, like the fee-shifting provision of ERISA, section 1927 applies only to post-filing conduct.